**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**MICHEAL MUSARRA** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 4:24-CV-P31-JHM**

**TIM LANE et al.** **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Micheal Musarra, a prisoner proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the Court will allow Plaintiff's excessive force claim to continue but will dismiss his other claims.

**I. STATEMENT OF CLAIMS**

Plaintiff, a prisoner incarcerated at the Green River Correctional Complex (GRCC), sues in their individual and official capacities GRCC Warden Tim Lane, GRCC Correctional Officer Liggett Morris, and Kentucky Department of Corrections Commissioner Cookie Crews. The complaint arises out of two incidents. First, Plaintiff alleges that on February 15, 2023, Defendant Morris physically assaulted him "by placing handcuffs on him while escorting [him] to the segregation unit." He continues, "[Defendant Morris] tightened the handcuffs on Plaintiff's wrists as well as bringing his entire and considerable bodyweight down on [his] forearm hyper-extending [his] thumb" causing Plaintiff permanent injury.

Plaintiff attaches a grievance about the incident in which he stated, "I was physically assaulted by [Defendant Morris]. While handcuffed with my arms behind my back, and despite the fact that I had been compliant with his every direction, I was charged with [a disciplinary

infraction].”[1] Plaintiff further stated in the grievance that Defendant Morris “admit[ed]” to assaulting him in a “disingenuous statement: ‘I assisted [Plaintiff] into the seated position[.]’” Plaintiff contended that he “did not need assistance into the seated position as I am quite capable of sitting in a chair on my own, he did however use this statement to try to cover for the fact that he injured me.” The grievance requested that Defendant Morris be retrained in “MODERN techniques in the handling of restrained inmates” given “the volume of complaints against [him] for abusive behavior towards inmates.”

Regarding the second incident, Plaintiff alleges that on May 28, 2023, while Defendant Morris was conducting a search of his cell, Plaintiff informed him that he was “in urgent need to use the restroom and he had a medical condition that causes him to deficate at any given time which is out of his control.” According to the complaint, Defendant Morris responded that “‘he will get done when he gets done and for the Plaintiff to shut his mouth.’” Plaintiff states that a few minutes later he began to plead with Defendant Morris because he could not “hold it much longer.” He alleges that in response Defendant Morris used “vulgar and abusive language,” stating “‘give me a reason.’” Plaintiff alleges that at that point he had no choice but to defecate into a food bag.

Plaintiff alleges that he was immediately handcuffed and escorted to the captain’s office, then placed in segregation for “the actions he couldn’t help and was forced to do” by Defendant Morris. He states that he attempted numerous times to explain that he has a medical condition and is receiving medication that “will give Plaintiff urgencies to go to the restroom at that moment.”

---

[1] This grievance refers to an incident on January 15, 2023, whereas Plaintiff’s complaint gives the date as February 15, 2023. Because Plaintiff attaches this grievance in support of his allegations, the Court assumes that it refers to the incident in the complaint, despite the discrepancies in the date.

Plaintiff attaches a Disciplinary Report Form regarding this incident. In that form, Defendant Morris describes that when Plaintiff informed him that he needed to defecate, he explained that he was almost done with the cell search; that Plaintiff said nothing else; and that "within 30 seconds [Plaintiff] grabbed an empty food bag and defecated[.]" According to that report, Plaintiff told the investigating officer that he did not "mention his medical problems" to Defendant Morris.

Plaintiff alleges that Defendants violated his Eighth Amendment rights. He requests compensatory and punitive damages and injunctive and declaratory relief.

**II. ANALYSIS**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

**A. Official-capacity claims for damages**

"[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). A state, its agencies, and state officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against a state, its agencies, and state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims for monetary damages against Defendants, employees of the Commonwealth of Kentucky, must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

**B. Claims against Defendants Crews and Lane**

Plaintiff alleges no wrongdoing on the part of Defendant Crews, the DOC Commissioner, or Defendant Lane, GRCC Warden. Because Plaintiff has not alleged that these Defendants directly participated in the events related to his claims, he fails to state a claim against either of them. In so finding, the Court notes that the doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability to supervisors. *Monell*, 436 U.S. at 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that

the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays*, 668 F.2d at 872. "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Accordingly, the Court will dismiss the claims against these Defendants for failure to state a claim upon which relief may be granted.

**C. Individual-capacity claims against Defendant Morris**

***1. First incident***

On review, the Court will allow Plaintiff's Eighth Amendment excessive force claim that on February 15, 2023, Defendant Morris physically assaulted him while placing handcuffs on him by "bringing his entire and considerable bodyweight down on [his] forearm hyper-extending [his] thumb" thereby causing Plaintiff permanent injury to continue against Defendant Morris in his individual capacity and in his official capacity for declarative and injunctive relief only.

***2. Second incident***

Plaintiff alleges that when he informed Defendant Morris that he was "in urgent need to use the restroom and he had a medical condition that causes him to deficate at any given time which is out of his control," Defendant Morris responded, "'he will get done [searching the cell] when he gets done and for the Plaintiff to shut his mouth.'" Plaintiff states that "a few minutes

later" he pleaded because he could not "hold it much longer;" Defendant Morris responded, "'[G]ive me a reason;'" at which point Plaintiff had no choice but to defecate into a food bag.

The Eighth Amendment prohibits conduct by prison officials that involves the "'unnecessary and wanton infliction of pain.'" *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Plaintiff's allegations do not rise to the level of an Eighth Amendment violation. The Sixth Circuit Court of Appeals' decision in *LaPine v. Savoie* illustrates this point. No. 16-1893, 2017 WL 6764085 (6th Cir. Aug. 11, 2017). In *LaPine*, the prisoner-plaintiff "repeatedly asked Defendants to release him from an interview room because he needed to urinate, but the officers laughed at him and 'stated that if [LaPine] urinated on the floor [he] would go to juv[e]nile detention.'" *Id*. at *5. LaPine eventually urinated on himself, and it may have been up to three hours before he was given clean clothes; nonetheless, the Sixth Circuit held that this "temporary hardship . . . did not rise to the level of a constitutional violation." *Id*.

Here, when Plaintiff urgently asked to use the restroom, Defendant Morris indicated that he was busy inspecting his cell. Plaintiff shortly thereafter defecated in a food bag. This one-time denial of being allowed to use the restroom, whether or not Plaintiff told Defendant Morris that he had a medical condition affecting his bowels, occurred during only a brief period of time (within

30 seconds, according to the disciplinary report) and does not rise to the level of an Eighth Amendment violation. *See id.*; *see also Dominguez-Mendez v. McCoy*, No. 5:10-347-KKC, 2011 WL 1430325, at *1 (E.D. Ky. Apr. 13, 2011) (where, after being denied access to the bathroom on one occasion, plaintiff "defecated in his pants and was forced to sit in his bodily waste," plaintiff failed to state an Eighth Amendment claim). The Court will dismiss this claim.

## III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims against Defendants Crews and Lane, against Defendant Morris regarding the second incident, and against Defendant Morris in his official capacity for damages are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted within the meaning of 28 U.S.C. § 1915A(b)(1) and for seeking monetary relief from Defendants who are immune from such relief pursuant to 28 U.S.C. § 1915A(b)(2).

The Court will enter a separate Service and Scheduling Order to govern the development of the remaining claim, *i.e.*, Plaintiff's excessive force claim against Defendant Morris in his individual capacity and in his official-capacity claim against Defendant Morris for declaratory and injunctive relief only.

Date: June 7, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendant Morris
4414.009